UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANESUISHE NHAURO,<br>Petitioner,<br>v.<br>TODD BLANCHE, Attorney General of the United States; *et al*.<br>Respondents. | No. 2:26-CV-04486-SAB<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** |

Before the Court is Petitioner's Motion for Leave to Proceed In Forma Pauperis (IFP), ECF No. 1. Petitioner is representing himself in the matter.

Pursuant to 28 U.S.C. § 1915(a), the Court may permit an indigent litigant to proceed IFP if the litigant submits an affidavit that declares all assets, the nature of the action, and an entitlement to redress. An affidavit is sufficient when "it states that one cannot because of his poverty pay or give security for the costs… and still be able to provide himself and dependents with the necessities of life." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993). A court should deny an IFP application when it is clear the action is frivolous or without merit. *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987).

Petitioner's IFP application establishes his indigency. He is currently detained at the Northwest Immigration and Customs Enforcement Processing

Center and appears to have limited funds available to afford the filing fee. The action, a petition for writ of habeas corpus challenging Respondent's continued detention of Petitioner, does not appear to be frivolous or clearly without merit.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion for Leave to Proceed In Forma Pauperis, ECF No. 1, is **GRANTED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to *pro se* Petitioner.

**DATED** this 18th day of November 2026.

Stan Bastian

Stanley A. Bastian
United States District Judge